# IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF NEW YORK MELLON, F/K/A
THE BANK OF NEW YORK AS
TRUSTEE FOR THE CERTIFICATE
HOLDERS OF THE CWMBS, INC., CHL
MORTGAGE PASS-THROUGH TRUST
2007-3, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-3; AND
BANK OF AMERICA, N.A.,
Appellants,
vs.
SATICOY BAY LLC SERIES 4330
MELROSE ABBEY PLACE,
Respondent.

No. 75388

FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellants argue that respondent took title to the property subject to the first deed of trust because respondent's principal made a judicial admission in a separate bankruptcy proceeding that the first deed of trust remained as an encumbrance following the HOA's foreclosure sale. To the extent that this argument was coherently presented to the district court,[2] we are not persuaded that the district court committed reversible

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Although appellants brought the bankruptcy filings to the district court's attention, they did not characterize them as a "judicial admission" and instead sought to use the filings as evidence that respondent's predecessor was not a bona fide purchaser.

19-11574

error in rejecting it. Among other reasons, the district court determined that "[t]he purchaser's inconsistent position was taken before the law was clarified" and that "[t]here is no intent on the part of the purchaser to gain an unfair advantage." Absent any argument in appellants' opening brief regarding why these findings were erroneous, we are not persuaded that the bankruptcy filings by respondent's principal warrant reversal. *Cf. Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011) (this court need not consider arguments raised for the first time in a reply brief).

Appellants also argue that the district court ignored their proffered evidence of fraud, unfairness, or oppression that justified setting aside the foreclosure sale. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that a foreclosure sale may be set aside on equitable grounds when there is an inadequate sales price combined with evidence of "fraud, unfairness, or oppression"). Specifically, appellants contend that mortgage savings provisions in Article 9.8 of the HOA's CC&Rs misled bidders about the title they would receive, thereby chilling bidding.[3] We disagree that this evidence constitutes unfairness, as Article 9.9 of the CC&Rs is entitled "Priority of Assessment Lien" and contains language tracking NRS 116.3116(2) (2011)'s superpriority provision. Thus, to the extent that potential bidders reviewed the HOA's

---

[3]To the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-cv-1307-JCM-PAL, 2016 WL 1181666 (D. Nev. 2016), is distinguishable from this case. There, in addition to the CC&Rs' mortgage protection provision, the HOA sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust. *Id.* at *5.

SUPREME COURT
OF
NEVADA

(U) 1947A

CC&Rs, it is implausible that they would have read Article 9.8 without having also read Article 9.9 such that their bidding strategies were premised only on their interpretation of Article 9.8. Accordingly, the district court properly rejected appellants' arguments that the sale should be set aside on equitable grounds.[4] *Cf. Wood*, 121 Nev. at 732, 121 P.3d at 1031 (observing that a party opposing summary judgment must "do more than simply show that there is some metaphysical doubt as to the operative facts" (internal quotation marks omitted)). We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                        Silver

cc:     Hon. James Crockett, District Judge
        Akerman LLP/Las Vegas
        Law Offices of Michael F. Bohn, Ltd.
        Eighth District Court Clerk

---

[4]Appellants also argue for the first time on appeal that unfairness exists because the foreclosure sale was orally postponed. Even if this argument had been properly raised, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), it would lack merit, as the HOA was statutorily permitted to orally postpone the sale, *see* NRS 116.31164(1) (2005), and there is nothing in the record to suggest that appellant Bank of America was unable to attend the initially scheduled sale where it would have been apprised of the postponed sale date.

Supreme Court
of
Nevada

(O) 1947A